CORRECTED

# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 21-0816V

|  |  |
|---|---|
| LINDA GARCIA, | Chief Special Master Corcoran |
| Petitioner, | Filed: June 24, 2025 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Michael Adly Baseluos, Baseluos Law Firm, PLLC, San Antonio, TX,* for Petitioner.

*Meghan Murphy, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 28, 2021, Linda Garcia filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") after receiving an influenza vaccination on October 26, 2020. Petition at 1. On May 2, 2025, I issued a decision awarding damages to Petitioner based upon Respondent's proffer. ECF No. 73.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or on https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $54,485.09 (representing $53,267.50 for fees and $1,217.59 in attorney's costs). Petitioner's Application for Attorneys' Fees, filed May 10, 2025, ECF No. 77. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. ECF No. 77-3.

Respondent reacted to the motion on May 28, 2025, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 78. Petitioner has not filed a reply.

I have reviewed the billing records submitted with Petitioner's request and find one minor reduction in the amount of fees and costs to be awarded appropriate, for the reason stated below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991).  The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The requested hourly rates for work performed through the end of 2024 are reasonable and consistent with what has previously been awarded for the work of Mr. Baseluos. ECF No. 77 at 2; ECF No. 77-1 at 1-17. For work performed by Mr. Baseluos in 2025, Petitioner is requesting the hourly rate of $500.00, which I find to be reasonable. ECF No. 77-1 at 17-20.

Although Mr. Baseluos properly bills most tasks that are typically performed by a paralegal using the proper, lower rate,[3] there is one instances when he neglected to apply this lower rate. ECF No. 77-1 at 18 (second entry dated 2/18/25). **This reduces the amount of fees to be awarded by $60.00.[4]**

I also note this case required additional briefing regarding entitlement. *See* Petitioner's Motion for a Ruling on the Record, filed Feb. 8, 2023, ECF No. 48; Petitioner's Response to Respondent's Response to Petitioner's Motion for Ruling on the Record (MROR), filed June 5, 2023, ECF No. 61. Petitioner's counsel expended approximately 14.3 hours drafting the entitlement brief and 7.6 hours drafting the responsive entitlement brief, for a combined total of 21.9 hours. ECF No. 77-1 at 10-11, 14. I find this time to have been reasonably incurred. (And all time billed to the matter was also reasonably incurred.)

## ATTORNEY COSTS

Petitioner has provided supporting documentation for all claimed costs. ECF No. 77-1 at 20-21; ECF No. 77-2. And Respondent offered no specific objection to the rates or amounts sought. ECF No. 78. I have reviewed the requested costs and find them to be reasonable.

---

[3] *E.g.,* ECF No. 77-1 at 6 (second entry dated 6/22/22).

[4] This amount consists of ($500.00 - $200.00) x. 0.2 hrs. = $60.00.

**CONCLUSION**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$54,425.09 (representing $53,207.50 for fees and $1,217.59 in attorney's costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.